Filed 8/10/21  P. v. Mendez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091139 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE001607) |
| v. | |
| AMILCAR ESCOBAR MENDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Amilcar Escobar Mendez filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

Defendant drove through a red light and hit the victim, who was crossing the road in a crosswalk at a green light, and defendant then fled in his car.  Less than one mile

1

away and approximately five minutes after the impact, a police officer found defendant's car stopped on the side of the road. Another officer responded and conducted a driving under the influence investigation of defendant. Defendant's preliminary alcohol screening tests measured his blood-alcohol concentration (BAC) at 0.195 and 0.188 percent. A blood sample subsequently taken from defendant determined that defendant's BAC at that time was 0.21 percent. Based on the result of the blood draw, criminalist Allyson Avina estimated that at the time of the accident defendant's BAC would have been 0.24 or 0.25 percent. The victim suffered multiple serious injuries.

Defendant was charged with three felonies arising out of the collision: felony driving under the influence causing injury by failing to stop at a red light (Veh. Code, § 23153, subd. (a); § 21453, subd. (a) [count one]; felony driving with a BAC of 0.08 percent or higher causing injury (Veh. Code, § 23153, subd. (b) [count two]; and felony hit and run (Veh. Code, § 20001, subd. (a) [count three]). As to counts one and two, it was alleged that in the commission of those offenses defendant personally inflicted great bodily injury on the victim within the meaning of Penal Code section 12022.7, subdivision (a),[1] causing each offense to be a serious felony within the meaning of section 1192.7, subdivision (c)(8). The information further alleged as to count two that defendant had a BAC of 0.15 percent or higher at the time of the offense. Additionally, as to counts one and two, the information alleged pursuant to Vehicle Code section 23566, subdivision (a), that the charged offenses occurred within 10 years of two separate alcohol related Vehicle Code violations resulting in convictions within the meaning of Vehicle Code sections 23546, 23548 and 23550.

Following a trial, a jury convicted defendant on all three counts. Additionally, the jury found true the great bodily injury alleged as to counts one and two (§ 12022.7, subd. (a)), and found true the allegation in count two that defendant drove with a BAC of 0.15

---

**1**      Undesignated statutory references are to the Penal Code.

percent or higher. Defendant waived jury trial on the alleged prior convictions, and the court found that defendant had suffered both alleged prior convictions.

On January 14, 2019, the trial court sentenced defendant to the upper term of four years on count two for driving with a BAC of 0.08 percent or higher, plus three consecutive years for inflicting great bodily injury on the victim. The court imposed a consecutive term of eight months (one-third the midterm) on the hit and run conviction, count three. On count one, the court imposed the upper term of four years, plus three consecutive years for inflicting great bodily injury, but stayed that term pursuant to section 654. Accordingly, the aggregate term of imprisonment was seven years eight months. The court awarded custody credits in the total amount of 124 days (108 actual and 16 conduct). The court imposed a conviction assessment of $30 per count (Gov. Code, § 70373), a court operations assessment of $40 per count (§ 1465.8), a $50 alcohol abuse education and prevention penalty assessment (Veh. Code, § 23645), a $1,015 habitual traffic offender fine (§ 23566), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45).

On October 2, 2019, defendant submitted a notice of appeal which the court received but did not file because the period for filing had lapsed. On December 17, 2019, defendant filed an ex parte motion to amend the abstract of judgment to convert $1,800 in court-imposed fines to imprisonment, at the rate of $30 per day pursuant to section 1205, subdivision (a). On December 26, 2019, in this court, defendant filed a request for an order permitting the filing of a notice of appeal more than 60 days after sentencing under the constructive filing doctrine. On December 30, 2019, the trial court denied defendant's motion to convert fines to custody time, noting that he had not been ordered to pay $1,800 in fines. On January 2, 2020, defendant filed another notice of appeal, which lists the date of the order or judgment appealed from as December 31, 2019. This court granted defendant's December 26, 2019 request for constructive filing of the notice

3

of appeal. Per this court's order, defendant timely filed a notice of appeal on February 28, 2020.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


                                                              KRAUSE            , J.



We concur:



      MURRAY           , Acting P. J.



      HOCH             , J.


4